**Electronically Filed
Intermediate Court of Appeals
28563
12-JAN-2011
01:43 PM**

NO. 28563

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JANE DOE, Plaintiff-Appellee,
v.
JOHN DOE, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-UCCJEA NO. 03-1-0011)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)


Defendant-Appellant John Doe (John) appeals from the "Order Re: Defendant's Motion[s] for Post-Decree Relief filed on 8/24/06 & 9/25/06" and the "Order Denying Motion For Post-Decree [Relief] Filed 4/16/07,"[1] both filed on April 23, 2007 in the Family Court of the First Circuit[2] (family court).  Both orders denied John's requests to reinstate visitation with his two children, which visitation had been suspended because of abuse allegations.

John's brief does not adhere to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4).  In particular, the

---

[1]  A note added by the family court to the order corrected the date of the motion to "3/27/07."

[2]  The Honorable Christine Kuriyama presided.

brief does not set forth concise points of error or point to where in the record the error occurred or where John objected or brought the error to the family court's attention. HRAP 28(b)(4)(i)-(iii). While John appears to object to findings of fact and evidentiary rulings by the family court, he has not quoted the grounds urged for rejecting evidence or the finding or conclusion. HRAP Rule 28(b)(4)(A) & (C). As best as can be discerned, John's contentions are as follows:

(1) The family court erroneously denied his request to reinstate visitation with his Daughter and Son (collectively, Children). John alleges that the family court erred by conditioning visitation with Children upon his compliance with court orders that he communicate with Children's therapists and sign waivers allowing his therapist to talk to Children's therapists. Further, John claims the family court erred by ordering him to continue therapy.

(2) The family court's finding of fact that John abused Children was erroneous. John claims the family court erred in admitting into evidence Dr. Tsushima's Letter reporting Daughter's claim of abuse because such evidence was hearsay. John alleges that his constitutional rights were violated by the family court's "closed door" session, in which the court temporarily suspended visitation with Daughter based on her abuse claims.

(3) The family court erred by not dividing the December 22, 2005 hearing into separate hearings to address issues of releasing the Parenting Coordinator, obtaining appropriate tax forms, and determining visitation plans for each child. John claims the family court improperly excluded fourteen exhibits at the hearing. He also claims the family court erred in excluding his only witness.

John argues that the orders stemming from the December 22, 2006 hearing should be dismissed under Hawai'i Family Court Rule (HFCR) 41(b) because Plaintiff-Appellee Jane

Doe (Jane) "failed to prosecute" by not drafting an order regarding the hearing by the ten-day deadline given and because the family court did not file the order until four months after the hearing.

(4) The family court erred in making findings that Jane is not interfering with John's visitation and that Jane was credible. John disputes the family court's conclusion that visitation would be forced if granted.

(5) The family court erred by "failing to recognize [Jane's] complete renunciation of parenting responsibilities under the doctrine of Parens Patri[a]e." John protests the family court's rejection of his parental alienation theory. He argues that the family court erred by not ordering an investigation into abuse-by-parental-alienation and medical neglect by Jane.

(6) The family court's conclusion that Parenting Coordinator be allowed to withdraw because of her "safety and non-payment" was wrong.

(7) The family court erred in "refusing to rule that [Jane] has failed to properly execute required tax documents under IRS Code Sec[tion] 152."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that John's appeal is without merit.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Doe v. Doe, 120 Hawai'i 149, 165, 202 P.3d 610, 626 (App. 2009) (quoting Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)).

"Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal." In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (internal quotation marks, citation, and brackets omitted).

Therefore,

IT IS HEREBY ORDERED that the "Order Re:  Defendant's Motion[s] for Post-Decree Relief filed on 8/24/06 & 9/25/06" and the "Order Denying Motion For Post-Decree [Relief] Filed [3/27/07]," both filed on April 23, 2007 in the Family Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, January 12, 2011.

On the briefs:

John Doe,
Defendant-Appellant pro se.

Paul A. Tomar
Lynne Jenkins McGivern
(Ashford & Wriston)
Michele J. Woods
(Arnold & Porter LLP)
Elizabeth S. Liu
(Domestic Violence Legal
Empowerment and Appeals
Project)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge